METROPOLITAN LIBRARY COMMISSION — DELEGATION OF AUTHORITY TO VOTE Neither the Chairman of the Board of Oklahoma County Commissioners nor the Mayor of Oklahoma City may delegate authority to someone else to vote in his or her absence if unable to attend a meeting of the Metropolitan Library Commission. The answer to your first question is also dispositive of your second. No official document or other evidence of authority may be used to authorize another person to vote at said meetings of the Commission. The Attorney General is in receipt of your request for an opinion wherein you ask the following questions: "1. If the Chairman of the Board of Oklahoma County Commissioners or the Mayor of Oklahoma City is unable to attend a meeting of the Metropolitan Library Commission, may he or she delegate authority to someone else to vote in his or her absence ? "2. What official document or other evidence of authority would be required to authorize another person to vote at meetings of the Commission? Title 65 O.S. 559 [65-559] (1971), provides that the Mayor of Oklahoma City and the Chairman of the Board of Oklahoma County Commissioners shall be ex officio members of the Metropolitan Library Commission and shall be entitled to vote on all matters. In 67 C.J.S., Officers, 104, it is stated that: "In the absence of statutory authority a public officer cannot delegate his powers . . . An officer, to whom a power of discretion is intrusted, cannot delegate the exercise thereof except as prescribed by statute." Further, in defining discretionary powers, 67 C.J.S., Officers, 112, provides that: "A duty is ministerial when it is a simple and definite duty imposed by law, arising under conditions admitted or proved to exist. A duty is discretionary when it requires the exercise of judgment. ". . . An act which requires the exercise of judgment in its performance, or an act which an officer may, or may not, do in the exercise of his official discretion, is not ministerial, but discretionary." Clearly, the right to vote is a discretionary function of the members of the Metropolitan Library Commission and involves the exercise of judgment on the part of each Commission member. As such, this discretionary duty cannot be delegated by any member of the Commission. In 1 Okl.Op.A.G. 308 (68-323), the issue presented concerned the Mayor of Oklahoma City and the Chairman of the Board of Oklahoma County Commissioners appointing persons to serve in their respective positions on the City-County Library Commission. It was the opinion of the Attorney General that neither could delegate "to any appointee or agent the power or authority vested in the said public officers to serve as ex officio members of the City-County Library Commission." It is, therefore, the opinion of the Attorney General that your first question be answered in the negative. Neither the Chairman of the Board of Oklahoma County Commissioners nor the Mayor of Oklahoma City may delegate authority to someone else to vote in his or her absence if unable to attend a meeting of the Metropolitan Library Commission. The answer to your first question is also dispositive of your second. No official document or other evidence of authority may be used to authorize another person to vote at said meetings of the Commission. (MARVIN C. EMERSON) (ksg)